ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 DEC 17 PM 4: 07
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | COMPLAINT |
| ENTERPRISE PAINT AND SUPPLY STORE, INC. | CV 407-188 |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to remedy the breach of Conciliation Agreements resolving charges filed with the Commission. The Commission alleges that it entered into Conciliation Agreements with Defendant Enterprise Paint and Supply Store, Inc. ("Defendant") on January 24, 2007, in settlement of charges filed by Charging Parties, Rohelia Y. Gatson and Dorothea Freeman. The Conciliation Agreements also included relief for a class of female applicants denied employment because of their sex. The Commission alleges that Defendant breached the Conciliation Agreements by failing and refusing to abide by the terms thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Georgia corporation doing business in the State of Georgia and the City of Hinesville and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title

VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. On October 27, 2004, Rohelia Y. Gaston, filed Charge No. 115-2005-00048 with the Commission, alleging violations of Title VII by Defendant. In her charge, Gaston alleged that on or about August 2004, she was subjected to sex discrimination by Defendant. Gaston alleged that she was qualified for and applied for an available Vinyl Applicator position targeted for work on projects in response to hurricane relief efforts. Gaston alleged after she applied for the position, she was never assigned to work. Defendant told her that it did not have accommodations for women to work. However, Defendant called male applicants for work.

7. On October 27, 2004, Dorothea C. Freeman, filed Charge No. 115-2005-00049 with the Commission, alleging violations of Title VII by Defendant. In her charge, Freeman alleged that on or about October 2004, she was subjected to sex discrimination by Defendant. Freeman alleged that she was qualified for and applied for an available Vinyl Applicator position to work on projects in response to hurricane relief efforts. Freeman alleged after she applied for the position, Defendant told her that there was a hiring freeze. However, Defendant called male applicants for work.

8. The Commission investigated Gaston's charge, and issued a determination letter dated, September 27, 2006. In the determination letter, the

Commission found that Defendant had violated Title VII by subjecting Gaston and a class of other female applicants to sex discrimination. The Commission thereafter successfully settled the sex discrimination claim and the class claim through voluntary conciliation with Defendant and Gaston. The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Defendant on December 19, 2006, Gaston on January 12, 2007, and the Commission on January 24, 2007. A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

9. The Commission investigated Freeman's charge, and issued a determination letter dated, September 27, 2006. In the determination letter, the Commission found that Defendant had violated Title VII by subjecting Freeman and a class of other female applicants to sex discrimination. The Commission thereafter successfully settled the sex discrimination claim and the class claim through voluntary conciliation with Defendant and Freeman. The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Defendant on December 19, 2006, Freeman on January 10, 2007, and the Commission on January 26, 2007. A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

10. Under the terms of Conciliation Agreements, Defendant was required to pay Rohelia Y. Gaston, nine thousand dollars($9,000.00) in monetary damages within 90 days of the execution of the Conciliation Agreement. Defendant was required to

pay Dorothea Freeman, ten thousand dollars ($10,000.00) in monetary damages within 90 days of the execution of the Conciliation Agreement. Defendant agreed to provide proof of payments to the Commission within 120 days of the agreements being signed by all respective parties.

11.     Further, under the terms of the Conciliation Agreements, Defendant was required to pay $14,000.00 in back wages to the class of affected females identified in EEOC Charge Nos. 115-2005-00048 and 115-2205-00049.  Since April 2007, Defendant has breached the Conciliation Agreements by failing and refusing to comply with the terms thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.     Grant a judgment ordering Defendant to pay Rohelia Y. Gaston nine thousand dollars ($9,000.00), the amount of damages Defendant agreed to pay pursuant to the Conciliation Agreement.

B.     Grant a judgment ordering Defendant to pay Dorothea Freeman ten thousand dollars ($10,000.00), the amount of damages Defendant agreed to pay pursuant to the Conciliation Agreement.

C.     Order Defendant to pay $14,000.00 in back wages, the amount of damages Defendant negotiated and agreed to pay, plus prejudgment interest, to the class of affected females identified in EEOC Charge No.115-2005-00048 and EEOC Charge No.115-2005-00049.

D.   Grant a judgment ordering Defendant to pay the legal costs associated with the collection of the amount due and owing.

E.   Grant such further relief as the Court deems necessary and proper in the public interest.

F.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the _13th_ day of December, 2007.

                                  Ronald S. Cooper
                                  General Counsel

                                  JAMES L. LEE
                                  Deputy General Counsel

                                  GWENDOLYN YOUNG REAMS
                                  Associate General Counsel

                                  EQUAL EMPLOYMENT
                                  OPPORTUNITY COMMISSION
                                  1801 "L" Street, N.W.
                                  Washington, D.C.  20507

[signature page follows]

_____
ROBERT K. DAWKINS
Regional Attorney
Ga. Bar. No. 076206
robert.dawkins@eeoc.gov

PAMELA ALFRED-GEORGE
Trial Attorney
La. Bar. No. 16784
pamela.alfred-george@eeoc.gov

Atlanta District Office
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
100 Alabama Street, Suite 4R30
Atlanta, Georgia 30342